People v Lombard (2025 NY Slip Op 05044)

People v Lombard

2025 NY Slip Op 05044

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Ind. No. 73810/23|Appeal No. 4719|Case No. 2024-03832|

[*1]The People of the State of New York, Respondent,
v
Lance Lombard, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered May 30, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to a term of three years of probation and imposing a crime victim assistance fee of $75, unanimously modified, on the law, to the extent of reducing the amount of the crime victim assistance fee to $25, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US — , 140 S Ct 2634 [2020]). The combination of the court's oral colloquy with defendant, and the written waiver he signed after consultation with counsel, established that defendant had been adequately apprised of the appellate rights he was waiving (see People v Ramos, 7 NY3d 737, 738 [2006]). The waiver forecloses review of his excessive sentence claim (see e.g. People v Liriano, 226 AD3d 520, 520 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]). As an alternative holding, we perceive no basis for reducing defendant's sentence.
Defendant's statutory challenge to the condition of probation requiring him to "avoid injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and not consort with disreputable people" survives his waiver of the right to appeal and does not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). The court providently deemed this condition reasonably related to defendant's rehabilitation, given that he was found in possession of a loaded pistol and admitted to the Department of Probation that he used marijuana on a daily basis (see Lowndes, 239 AD3d at 575; see generally Penal Law § 65.10 [1], [2]).
Defendant's "constitutional as-applied challenges to the probation condition under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments" are "foreclosed by his valid waiver of appeal" (Lowndes, 239 AD3d at 575; see also People v Williams, 227 AD3d 480, 481 [1st Dept 2024], lv denied 42 NY3d 1022 [2024]). His constitutional claims are also unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]).
The amount of the crime victim assistance fee imposed at sentencing exceeded the amount authorized by statute (see People v Rivera, 183 AD3d 415 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]; see Penal Law § 60. 35[1][a][i]). Accordingly, we reduce the crime victim assistance fee to the extent indicated. We note that the People do not oppose this relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025